### JOHN BROOKS *versus* SAMUEL BONDSEY.

The vendor of a vessel is not liable for supplies furnished after the delivery of the bill of sale, if the vessel ceases to be in his possession or employment, although she be mortgaged back to him, and remain enrolled in his name.

ASSUMPSIT to recover the cost of certain articles furnished for repairs and necessaries, for the use of the schooner Susannah, in May, 1826. Trial before *Morton* J.

The plaintiff offered in evidence the certificate of the col-

Brooks
*v.*
Bondsey.

lector of the district where the vessel belonged, by which it appeared, that at the time when the articles in question were supplied, she was enrolled in the name of the defendant.

The plaintiff then called Samuel Buffum as a witness, who testified, that in August, 1828, he presented to the defendant, the bill which is the subject of this action ; that the defendant said that he formerly owned the vessel, but had sold her before the supplies were furnished ; that the witness replied that he understood the vessel stood in the defendant's name, and if so, he was accountable ; and that the defendant then said that he had not given a bill of sale of her, but kept it back for his own security.

The defendant then read the deposition of Joshua Staples, who produced a bill of sale of the vessel to himself, executed by the defendant, and deposed, that it was delivered before the supplies were furnished ; and that the vessel was mortgaged back by him to the defendant.

It also appeared that the defendant, in 1827, received from the government of the United States, on account of this vessel, which was then under a fishing license, the bounty granted to fishing vessels.

There was no evidence, that the vessel was in the possession or employment of the defendant between the time of the alleged sale and the time when the supplies were furnished.

The jury were instructed, that if they believed that the bill of sale produced by Staples was executed and delivered before the repairs and supplies were made and furnished, it would pass the property in the vessel from the defendant, and he would not be responsible.

The jury returned a verdict for the defendant.

The plaintiff moved for a new trial, on the ground of a misdirection of the jury.

*Nov. 3d.*    *Saltonstall* and *Lord*, for the plaintiff, cited *Dowson* v. *Leake*, Dowl. & Ryl. N. P. C. 52 ; *Cox* v. *Reid*, 1 Carr. & P. 602 *Mitchell* v. *Glennie*, 1 Stark. Rep. 230 ; *Rich* v. *Coe*, Cowp. 636 ; *Tucker* v. *Buffington*, 15 Mass. R. 477.

*Choate*, for the defendant, cited *Hussey* v. *Allen*, 6 Mass. R. 163 ; Abbott on Shipping, 19 *et seq.* ; *Colson* v. *Bonsey*, 6 Greenl. 474 ; *Briggs* v *Wilkinson*, 7 Barn. & Cressw. 30 ; *Dame* v. *Hadlock*, 4 Pick. 458

SHAW C. J. delivered the opinion of the Court. The question in this case is, whether the directions of the judge, as stated in the report, were correct. There was evidence tending to show, that although the defendant, Bondsey, had agreed to sell the vessel to Staples, before the supplies were furnished, yet that he had not given a bill of sale, but on the contrary had kept back the bill of sale, as a security for the purchase money. On the other hand, there was evidence that the bill of sale, produced by Staples, was executed and delivered before the supplies were so furnished. In the former case, there would have been good ground to contend, that the legal and beneficial interest in the vessel remained in the defendant, and that he was entitled to her earnings, and of course that the supplies went to his use. In the latter case, as there was no evidence of the possession or employment of the vessel, between the time of the alleged sale and the supplies furnished, and all the interest which the defendant held was that of a mortgagee not in possession, it seems equally clear, that he would not be liable. We think it now too clear to admit of a question, that a mortgagee of a vessel, not in the possession or employment of the vessel, not having ordered or authorized supplies and repairs, and not holding himself out to the world as an owner, as in the case of *Tucker* v. *Buffinton*, 15 Mass. R. 477, is not liable for the supplies or repairs furnished to such vessel. We think, therefore, the question did depend upon the fact, whether the bill of sale had been duly executed and delivered, and that the direction in that respect, was right.

*Judgment on the verdict.*

Brooks<br>
*v.*<br>
Bondsey.<br>
*Nov. 6th*